The Vice-Chancellor,
said it was proper for the junior mortgagee to appear, so as to watch the proceedings and protect his rights. This is established by The Merchants Insurance Co. v. Marvin, 1 Paige, 557. Having appeared properly, the suits could not be discontinued, without paying him his taxable costs. In The Mutual Safety Ins Co. v. St. Peter's Church, (14th April, 1845,) the defendants, paid the interest and costs, due the complainants, after which the latter moved for leave to dismiss the suit; but the late vice-chancellor would not permit it, except upon payment of the costs of all the defendants who had appeared.
In this case, Duncan’s tender is equivalent to an attempt to dismiss the two suits as to Ely, the second mortgagee; and that can be done only on payment of his costs. He is entitled to re*quire the surplus to be paid into court, and to have a reference in each suit, in order to protect himself in respect of his debt and costs ; and he can be deprived of that right only by full payment of both. The justice of the matter is with him, and I think the law also. He must be paid his necessary taxable costs in each suit.